## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

PETER HOWARD,
*individually and on behalf of*                              Case No.:
*all others similarly situated,*

              Plaintiff,

v.

COLLECTION TECHNOLOGY                          **JURY TRIAL DEMANDED**
INCORPORATED, *a foreign*
*corporation*, and NAVIENT SOLUTIONS,
INC., f/k/a, SALLIE MAE, INC.,
*a foreign corporation*,

              Defendant.
_____/

## CLASS ACTION COMPLAINT

 **COMES NOW**, Plaintiff, PETER HOWARD (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendants, COLLECTION TECHNOLOGY INCORPORATED (hereinafter, "Defendant CTI"), and NAVIENT SOLUTIONS, INC., f/k/a  SALLIE MAE, INC., (hereinafter, "Defendant Navient") (hereinafter collectively, "Defendants").  In support thereof, Plaintiff alleges:

### INTRODUCTION AND PRELIMINARY STATEMENT

 This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 United States Code, Section 1692a, *et seq.* (hereinafter, "FDCPA"), the Florida Consumer Collection Practices Act, Florida Statutes, Chapter 559, *et seq.* (hereinafter "FCCPA"), and the Telephone Consumer Protection Act, 47 United States Code, Section 227 *et seq*. (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

1

## JURISDICTION AND VENUE

1.      This court has jurisdiction pursuant to 47 United States Code, Section 227(b)(3), 15 United States Code, Section 1692k(d), 28 United States Code, Sections 1331 and 1337, and supplemental jurisdiction over the FCCPA claims pursuant to 28 United States Code, Section 1367.  Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202. Injunctive relief is available under the FCCPA pursuant to Florida Statutes, Section 559.77, as well as under the TCPA pursuant to 47 United States Code, Section 227(g)(2).

2.      More specifically, the FCCPA, FDCPA, and TCPA violations at issue in this action occurred in all counties in the state of Florida, thereby conferring jurisdiction on the District Court of the Southern District of Florida, Miami Division, pursuant to 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, as well as Florida Statutes, Section 559.77(1).

3.      Other putative Class Members throughout the United States also received telephone calls to their cellular telephones from Defendants in violation of the FDCPA, FCCPA, and TCPA.

4.      Venue is proper before this Court pursuant to 28 U.S.C., Section 1391(b)(1), as Defendant is deemed to be resident of Florida pursuant to 28 U.S.C., Section 1391(d).

5.      More specifically, Defendants are subject to personal jurisdiction in all districts in the state of Florida based on its sufficient contacts and business transactions therein.  *See Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 317, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Consol Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1293 (11th Cir. 2000); *Siemer v. Learjet Acquisition Corp.,* 966 F.2d 179, 182 (5th Cir. 1992); *Sofrar, S.A. v. Graham Eng'g Corp.,* 35 F.Supp.2d 919, 921 (S.D. Fla. 1999).

6.      Defendants do business in all counties located in this District.

7.      Defendant CTI is a foreign profit corporation existing under the laws of the state of California, with its principal place of business located at 1200 Corporate Center Drive, Suite 325,

Monterey Park, California 91754.  Defendant CTI's primary purpose is the collection of consumer debts due to or allegedly due to another.

8.      Defendant Navient is a foreign profit corporation existing under the laws of the state of Delaware, with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191.  Defendant Navient's primary purpose is loan servicing government contracts, including but not limited to, student loans.

9.      At all material times herein, Defendants' conduct, complained of below, occurred in all counties throughout the state of Florida, including Dade County.

10.     At all times herein, Plaintiff is an individual residing in Pinellas County, Florida.

## REPRESENTATIVE'S GENERAL ALLEGATIONS

11.     At all times herein, Defendant CTI is a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(6).

12.     At all times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(2) and 15 United States Code, Section 1692a(3), respectively.

13.     At all times herein, Defendants attempted to collect debts, specifically a consumer debt, or debts (hereinafter "Debt").  With respect to Plaintiff, Defendants attempted to collect a Debt identified by Defendant CTI's reference number ending in -1883.

14.     Defendant CTI used interstate mail while engaging in a business, the principal purpose of which is the collection of debts allegedly due another.

15.     Defendant CTI is an entity who regularly collects or attempts to directly or indirectly collect debts owed or due, or asserted to be owed or due, another.

3

16. At all material times, the Defendants were each a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

17. At all times herein, the Debt was a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household, or family use.

18. At all times herein, Defendant CTI's conduct with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5) and 15 United States Code, Section 1692a(2).

19. At all times herein, Defendants acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

20. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

### *The TCPA*

21. The TCPA regulates the use of automated telephone equipment, also known as "autodialers" or "robodialers," which have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

22. The TCPA was designed to protect individual's privacy rights and public safety interests while balancing commercial freedom of speech and trade.[1] The TCPA gives rulemaking authority to the Federal Communications Commission (FCC) to prescribe regulations to implement the requirements of the TCPA. *See* 47 U.S.C., § 227(b)(2).

---

[1] *In the Matter of the Tel. Consumer Prot. Act of 1991,* 7 F.C.C.R. 2736 (1992).

23.     Specifically, the plain language of section 227(b)(1)(A)(iii) of the TCPA prohibits the use of an automatic telephone dialing system to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

24.     According to findings by the Federal Communications Commission (hereinafter, the "FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly, inconvenient and an invasion of the called party's privacy.

25.     The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[2]

26.     According to findings by the Federal Communications Commission (hereinafter, the "FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly, inconvenient and an invasion of the called party's privacy.

27.     The plain language of section 227(b)(1)(A)(iii) of the TCPA prohibits the use of an automatic telephone dialing system to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

28.     More specifically, in 2003 the FCC issued a Report and Order addressing, in part, autodialed and prerecorded message calls made to cellular telephone numbers. The FCC affirmed that, with two narrow exceptions, it is unlawful to make *any* call using an automatic telephone

---

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FFC Declaratory Ruling") 23 F.C.C.R. 559, 23 FCC Rcd 559, 564-565 (¶10), 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

dialing system or artificial or prerecorded message to any wireless number.  The exceptions, inapplicable to the instant case, include calls made for emergency purposes and those made with prior express consent.[3]

29.     With respect to autodialed *debt collection* calls, in a 2008 Declaratory Ruling, the FCC clarified that autodialed and prerecorded or artificial message calls to a cellular telephone number by or on behalf of a creditor are permitted only if the calls are made with the prior express consent of the called party.  Prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and *provided during the transaction* that resulted in the debt owed.[4]

30.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it reiterated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violations."[5] (specifically  recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call  sent to a consumer by a third party on another entity's behalf under 47 United States Code, Section 227(b)).

31.     Defendants' telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number (727) 282-3488 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

32.     Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number (727) 282-3488.

---

[3] *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C.R. 14014, 14115-16 (2003).
[4] 23 F.C.C.R. at 564-65. (emphasis added).
[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FFC Declaratory Ruling") 23 F.C.C.R. 559, 23 FCC Rcd 559, 564-565 (¶10), 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

33.    In or about May 2012, Plaintiff obtained his cellular telephone.

34.    Defendant CTI acquired the Debt for collection—and at all times herein collected the Debt—after the Debt was in default.

35.    At all times herein, Defendant CTI collected the Debt on Defendant Navient's behlaf, at Defendant Navient's direction, and for Defendant Navient's benefit.

36.    At no time herein did Defendants have Plaintiff's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV.

37.    Plaintiff never provided Defendants his Cellular Telephone number in any agreement or credit application that resulted in the Debt.

38.    Plaintiff never subsequent to the creation of the Debt provided Defendants with his prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

39.    Upon information and belief, Defendants obtained Plaintiff's Cellular Telephone number using a "skip-trace."[6]

40.    At no time herein did Defendants have Plaintiff's prior express consent to obtain Plaintiff's Cellular Telephone number using such a skip-trace.

### *Debt Collection Calls*

41.    On or about December 12, 2013, Defendants called Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.

42.    The immediately-aforementioned call was placed from telephone number 323.446.0630 and was made in an attempt to collect the Debt.

43.    During the above-referenced call, Defendants left a voicemail message on

---

[6] Defendant CTI's website boasts that its "State of the Art Technology" enables it to develop custom designed programs that take advantage of automated processes improving skip-tracing capabilities and right-party contacts. *See* Defendant CTI's website, https://www.collectiontechnology.com/default.asp, labeled **Exhibit A** (last viewed February 9, 2015).

Plaintiff's Cellular Telephone, using an APV, requesting Plaintiff return the call to 800.620.4284.

44.     On the immediately aforementioned voicemail message, Defendant CTI asked Plaintiff to reference number 1883 when returning said call.

45.     On or about December 16, 2013, Defendants called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

46.     The immediately-aforementioned call was placed from telephone number 323.446.0630 and was made in an attempt to collect the Debt.

47.     On or about December 17, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

48.     The immediately-aforementioned call was placed from telephone number 323.446.0630 and was made in an attempt to collect the Debt.

49.     On or about January 7, 2014, Defendants called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

50.     The immediately-aforementioned call was placed from telephone number 323.446.0630 and was made in an attempt to collect the Debt.

51.     On or about January 8, 2014, Defendants called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

52.     The immediately-aforementioned call was placed from telephone number 323.446.0630 and was made in an attempt to collect the Debt.

53.     On or about January 9, 2014, Defendants called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

54.     The immediately-aforementioned call was placed from telephone number 323.446.0630 and was made in an attempt to collect the Debt.

55.     On or about January 13, 2014, Defendants called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

56.     The immediately-aforementioned call was placed from telephone number 323.446.0630 and was made in an attempt to collect the Debt.

57.     On or about May 27, 2014, Defendants called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV despite never having Plaintiff's prior express consent.

58.     The immediately-aforementioned call was placed from telephone number 800.620.4284 and was made in an attempt to collect the Debt.

59.     During the above-referenced call, Defendants left a voicemail message on Plaintiff's Cellular Telephone, using an APV, requesting Plaintiff return the call to 800.620.4284.

60.     Defendant CTI, however, upon information and belief, has a corporate policy to not identify itself on debt collection voicemail messages it leaves at the conclusion of calls it makes to consumers in its attempts to collect debts.

61.     Furthermore, Defendant CTI, upon information and belief, has a corporate policy to not identify the purpose of debt collection calls on voicemail messages it leaves at the conclusion of calls it makes to consumers in its attempts to collect debts.

62.     Despite lacking Plaintiff's prior express consent to communicate with Plaintiff's Cellular Telephone, Defendants continued to attempt to collect the Debt directly from Plaintiff and Class Members in violation of the FCCPA, FDCPA, and the TCPA.

63.     Defendants' conduct, as described above, is a knowing, willful, and continuing violation of Plaintiff's rights, as enumerated under federal and state law.

64.     Plaintiff was not able, due to both professional and personal commitments, as well as the stress associated with the barrage of Debt collection calls, to record all the specifics (as done

above) on each and every call made to Plaintiff. Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA, FDCPA, and TCPA. Further, Defendants are in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

65.     Given Defendants' conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of the FCCPA and the TCPA, Plaintiff has no adequate remedy at law.

66.     Florida Statutes, Section 559.77, provides for the award of $1,000.00 statutory damages against each Defendant, actual damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

67.     United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

68.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using an ATDS, a PTDS, or an APV to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

69.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using an ATDS, a PTDS, or an APV to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

70.     At all times herein, it would have been possible for Defendants to avoid violating the terms of the FCCPA, FDCPA, and the TCPA.

71.     Based upon the aforementioned allegations, Defendants' telephone calls made to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV were made in willful and knowing violation of the TCPA.

72.     As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt.  Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

73.     Plaintiff has retained Leavengood, Dauval, Boyle & Meyer, P.A.  (hereinafter, "LeavenLaw") for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

## CLASS ACTION ALLEGATIONS

74.     Defendant CTI is debt collector that is "experienced in servicing student loan debt" like the Debt it collected on behalf of Defendant Navient from Plaintiff and Class Members. *Please see* **Exhibit A**, *supra*, and attached a true and correct copy of the relevant pages of Defendant's website labeled as **Exhibit B**.

75.     Defendant Navient, as a spun-off division of Sallie Mae, Inc., is fully aware of the TCPA and both its prohibitions and prerequisites to using an automatic telephone dialing systems to make non-emergency calls to its clients' cellular telephone numbers without prior express consent.  *See Arthur v. Sallie Mae, Inc.*, 2012 WL 4075238 *1 (W.D. Wash. Sept. 17, 2102).  Despite this knowledge, Defendant Navient employed Defendant CTI to use both its "State of the Art Technology" and "automated . . . skip-tracing capabilities" together with auto-dialers to make calls to Plaintiff's and Class Members' cellular telephones  in their collective efforts to collect Debts.

76.     Despite its aforementioned admitted knowledge of the laws at issue in this action,

Defendants routinely and systematically violate the TCPA, FCCPA and/or FDCPA by unlawfully calling consumers, including Plaintiff and Class Members, on their cellular telephones using an ATDS, a PTDS, and/or an APV in an attempt to collect a debt that reasonably harasses called consumers, is undertaken in an unfair, deceptive and misleading manner, and fails to give consumer proper identification and disclosures required under federal law.

### *TCPA Class*

77.    Pursuant to 23(a) and 23(b)(2) and (b)(3), Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of himself and all others, constituting a class defined as:

> All persons in the United States who, on or after four years prior to the date of the filing of this Complaint received a non-emergency telephone call from Defendant CTI to a cellular telephone wherein Defendant CTI used an ATDS, a PTDS, or an APV, for the purposes of collecting a Defendant Navient Debt, without possessing prior express consent to place such call (hereinafter, "TCPA Class Members" or "TCPA Class") as those terms are given meaning under the TCPA and the regulations promulgated thereunder.

Excluded from the TCPA Class are the Defendants, and any entities in which the Defendants have a controlling interest, Defendants' agents and employees, any Judge to  whom this action is assigned, and any member of such Judge's staff and immediate family.

### *FCCPA Class*

78.    Pursuant to 23(a) and 23(b)(2) and (b)(3), Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of himself and all others, constituting a class defined as:

> All persons in the state of Florida who, on or after two years prior to the date of the filing of this Complaint received either (1) a non-emergency telephone call from Defendant CTI to a cellular telephone wherein Defendant used an ATDS, a PTDS, or an APV, for the purpose of collecting a debt from the called party wherein Defendant did not possess prior express consent to place such calls in violation of the TCPA and the FCCPA or (2) a Debt Collection

call or voicemail from Defendants without Defendants identifying themselves (hereinafter, "FCCPA Class Members" or "FCCPA Class").

Excluded from the FCCPA Class are the Defendants, and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

### *FDCPA Class*

79.    Pursuant to 23(a) and 23(b)(3), Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of himself and all others, constituting a class defined as:

> All persons in the state of Florida who, on or after one year prior to the date of the filing of this Complaint received either: (1) a non-emergency telephone call from Defendant CTI to a cellular telephone wherein Defendant used an ATDS, a PTDS, or an APV, for the purpose of collecting a debt from the called party wherein Defendant did not possess prior express consent to place such calls in violation of the TCPA and the FDCPA or (2) a Debt Collection call or voicemail from Defendants without Defendants identifying themselves  (hereinafter, "FDCPA Class Members" or "FDCPA Class").

Excluded from the FDCPA Class are the Defendants, and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

80.    The TCPA Class, FCCPA Class, FDCPA Class, shall from time to time herein be collectively referred to as "Class Members."

81.    This action is properly brought as a class action under Rule 23 for the following reasons:

> a.    The Classes consists of thousands, if not tens of thousands of persons, a number so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

13

b.      There is a well-defined community of interest in the questions of law and fact involved affecting the TCPA Class Members.  Among the questions of law and fact which are common to the TCPA Class, and which predominate over questions affecting individual TCPA Class Members, are the following:

      i.      Whether Defendant made calls to Plaintiff's and TCPA Class Members' cellular telephones using an ATDS, a PTDS, and/or an APV;

      ii.      Whether Defendant's ATDS or PTDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator;

      iii.      Whether Defendant's ATDS or PTDS has the capacity to dial the telephone numbers it has generated;

      iv.      Whether Defendant made calls to Plaintiff's and TCPA Class Members' cellular telephones and/or left messages on their cellular telephones using an APV;

      v.      Whether Defendant's calls placed to Plaintiff's and TCPA Class Members' cellular phones were made for non-emergency purposes;

      vi.      Whether Defendant's calls were made for the purpose of collecting the Plaintiff's and TCPA Class Members' respective Debts;

      vii.      Whether Defendant can demonstrate that it had prior express consent for making calls to Plaintiff's and TCPA Class Members' cellular telephones using its ATDS, PTDS, and/or APV;

      viii.      Whether Defendant's TCPA violations were knowing and/or willful;

14

ix.     Whether Plaintiff and TCPA Class Members are entitled to damages, declaratory and injunctive relief pursuant to the TCPA;

x.     Whether Plaintiff and TCPA Class Members should receive double or treble damages for Defendant's TCPA violations; and

xi.     Whether Defendant should be enjoined from such conduct in the future.

c.     There is also a well-defined community of interest in the questions of law and fact involved affecting the FCCPA and FDCPA Class Members.  Among the questions of law and fact which are common to the FCCPA and FDCPA Classes, and which predominate over questions affecting individual FCCPA and FDCPA Class Members, are the following:

i.     Whether Defendant's debt collection calls and voicemails can reasonably be expected to abuse or harass Plaintiff and FCCPA and FDCPA Class Members in violation of the FCCPA and the FDCPA;

ii.     Whether Defendant's debt collection calls and voicemails constitute the placement of calls to Plaintiff and FDCPA Class Members without the meaningful disclosure of the caller's identity in violation of the FDCPA;

iii.     Whether Defendant's debt collection calls and voicemails are a false, deceptive or misleading mean in connection with the collection of Plaintiff's and FDCPA Class Members' debts in violation of the FDCPA;

iv.     Whether Defendant fails, through its debt collection calls and voicemails, to disclose the purpose of the calls and that the communication is from a debt collector in violation of the FDCPA;

     v.       Whether Defendant's debt collection calls and voicemails constitute an unfair or unconscionable means to collect or attempt to collect debts from Plaintiff and FDCPA Class Members in violation of the FDCPA;

     vi.      Whether Plaintiff and FCCPA and FDCPA Class Members are entitled to damages, pursuant to FCCPA and the FDCPA; and

     vii.     Whether Plaintiff and FCCPA Class Members are entitled to declaratory and injunctive relief pursuant to FCCPA.

82. This action is properly maintainable as a class action.

83. Defendants have acted, or refused to act, on grounds generally applicable to the Classes in that they:

     i.      have engaged in a routine and systematic course of conduct by making non-emergency calls to Plaintiff's and Class Members' cellular telephones using an ATDS, PTDS, and/or APV without their prior express consent;

     ii.      have engaged in a routine and systematic course of conduct in collecting a debt by improperly, unlawfully and repeatedly using technology to collect such debt without proper authorization and placing debt collection calls and leaving debt collection voicemails without proper identification; and

     iii.     have engaged in a routine and systematic course of conduct in collecting a debt by placing calls and leaving Plaintiff's and Class Members' voicemail messages without properly identifying itself (i.e., Defendant CTI) or advising Plaintiff and Class Members that it was a debt collector.

84. Injunctive and declaratory relief is appropriate with respect to the TCPA and FCCPA Classes as a whole as a result of the Defendant's routine and systematic course of conduct.

85.     Plaintiff's claims are typical of the claims of the proposed Classes.

86.     Plaintiff will fairly and adequately protect the interest of the Classes.

87.     To that end, Plaintiff has gathered and reviewed all relevant documents necessary for filing this case and have and will continue to proactively participate in this class litigation, thoroughly reviewing documents, asking questions and following the counsel of his lawyers for the benefits of the Classes he seeks to represent.  Plaintiff has no interests antagonistic to that of the Classes or any Class Members and will fairly and adequately protect the interests of all Class Members.

88.     Plaintiff has retained as counsel attorneys that are experienced in consumer, class action and complex litigation.  More specifically, Plaintiff has retained a firm whose members are board certified in consumer bankruptcy law and trial practice, with specific experience in certifying class actions at the trial court level, defending certified classes on appeal, and assisting class representatives with all aspect of class action litigation.  Plaintiff's counsel will fairly and adequately represent Plaintiff and the interests of the Class Members.

89.     Adjudication of this case on a class-wide basis is manageable by this Court.  The circumstances giving rise to Plaintiff's and TCPA Class Members' claims throughout the United States of America, and each FCCPA and FDCPA Class Members' claims throughout the state of Florida, are the same or are so similar as to be legally and factually indistinguishable in all material respects.  As a result, it will not be difficult for the Court or the jury to determine whether the Defendant has violated the TCPA, FCCPA and/or FDCPA.  This Court is an appropriate forum for this dispute.

90.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a.      given the size of the proposed classes, individual joinder of each Class Member's TCPA, FCCPA and FDCPA claims is impracticable;

b.      given the potential relatively small damages suffered by each individual Class Member, as well as the unlikelihood that many Class Members will know their rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

c.      when the liability of Defendants has been adjudicated, claims of all Class Members can be determined by the Court;

d.      this action will cause an orderly and expeditious administration of Class Members' claims, and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured;

e.      other available means of adjudicating the claims of Plaintiffs and Class Members—such as thousands if not tens of thousands of individual actions brought separately and pursued independently in courts throughout the United States and the state of Florida—are impracticable and inefficient;

f.      without a class action, Class Members will continue to suffer damages and the violations of law by Defendants will proceed without remedy while they continue their unlawful informational sharing campaign regarding lien settlement; and

g.      this action presents no difficulties that would preclude management by the Court as a class action.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)</u>**

Plaintiff re-alleges paragraphs one (1) through ninety (90) as if fully restated herein and further states as follows:

91.     Defendants are subject to, and have violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debts from Plaintiff and FCCPA Class Members through means which can reasonably be expected to abuse or harass Plaintiff and FCCPA Class Members.

92.     At no time herein did Defendants have Plaintiff's or FCCPA Class Members' prior express consent to call their cellular telephones using an ATDS, a PTDS, or an APV.

93.     Plaintiff and Class Members never provided their cellular telephone numbers to Defendants.

94.     Despite lacking Plaintiff's prior express consent, Defendants placed at least eight (8) calls to Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV.  Similarly, despite lacking FCCPA Class Members' prior express consent, Defendants placed numerous calls to FCCPA Class Members' cellular telephones using an ATDS, a PTDS, or an APV.

95.     Defendants also placed calls to Plaintiff's and Class Members' places of employment in their attempts to collect Plaintiff's Class Members' Debts.

96.     Defendants' conduct, namely the repeated calling of Plaintiff's and FCCPA Class Members' cellular telephones, without consent, left Plaintiff and FCCPA Class Members with the belief that Defendants would continually attempt to collect Plaintiff's and Class Members' Debts and that Plaintiff and Class Members had no other option than to either pay the Debts or continue to endure the harassing, unlawful auto-dialed telephone calls.

19

97.     Defendants' actions were taken with no other intention but to invade Plaintiff's and Class Members' privacy and to abuse and harass Plaintiff and Class Members into paying the Debts.

98.     To that end, Defendants undertook such technologically unlawful and mindless Debt collection without identifying itself, as required by federal law, in the Debt collection calls placed and the voicemail messages left.  The combination of repeated, auto-dialed debt collection calls without consent or proper identification was purposefully crafted to require Plaintiff and FCCPA Class Members to either endure the systemic annoyance and harassment or blindly return the calls, subjecting themselves to Defendants' unlawful and covert Debt collection practices.

99.     Defendants' willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect Plaintiff's and Class Members' Debts, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

100.    As a direct and proximate result of Defendants' actions, Plaintiff and FCCPA Class Members have sustained damages as to both Defendants as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692d and d(6)**

Plaintiff re-alleges paragraphs one (1) through ninety (90) as if fully restated herein and further states as follows:

101.    Defendant CTI is subject to, and has violated the provisions of, 15 United States Code, Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff and FDCPA Class Members in connection with the collection of the Debt.

102.    Furthermore, Defendant CTI is subject to, and has violated the provisions of, 15 United States Code, Section 1692d(6) by placing telephone calls to Plaintiff and FDCPA Class Members in an attempt to collect Plaintiff's and FDCPA Class Member's Debts without providing meaningful disclosure of the caller's identity.

103.    At no time herein did Defendant CTI have Plaintiff's or Class Members' prior express consent to call their cellular telephones using an ATDS, a PTDS, or an APV.

104.    Plaintiff never provided his cellular telephone number to Defendants, which evidences that Defendants obtained Plaintiff's cellular telephone number through a non-consensual "skip-trace."  Upon information and belief, Class Members likewise did not provide their cellular telephone numbers to Defendants, similarly evidences that Defendants obtained Class Members' cellular telephone numbers through a non-consensual "skip-traces."

105.    Despite lacking Plaintiff's prior express consent, Defendants placed at least eight (8) telephone calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in its attempts to collect the Debt.  Similarly, despite lacking FDCPA Class Members' prior express consent, Defendants placed numerous calls to FDCPA Class Members' cellular telephones using an ATDS, a PTDS, or an APV.

106.    Defendants also placed calls to Plaintiff's and Class Members' places of employment in their attempts to collect Plaintiff's Class Members' Debts.

107.    Defendant CTI's conduct, namely the repeated calling of Plaintiff and FDCPA Class Members, without consent, left Plaintiff and Class Members with the belief that Defendants would continually attempt to collect Plaintiffs' and Class Members' Debts using an ATDS, a PTDS, or an APV in violation of the TCPA and FCCPA and that Plaintiff and FDPCA Class Members had no other option than to either pay the Debts or continue to endure the abusive and

21

harassing telephone calls.

108.    Further, Defendant CTI left Plaintiff and FDCPA Class Members voicemail messages at the conclusion of its debt collection calls without identifying Defendant CTI's name, Defendant CTI's representative's name, or the fact that Defendant CTI was a debt collector.

109.    Defendant CTI's actions, collectively considered, were taken with no other intention but to abuse and harass Plaintiff and Class Members into paying the Debts.

110.    As a direct and proximate result of Defendant CTI's actions, Plaintiff and FDCPA Class Members have sustained damages, as to Defendant CTI, as defined by 15 United States Code, Section 1692k.

**COUNT THREE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692e and e(11)**

Plaintiff re-alleges paragraphs one (1) through ninety (90) as if fully restated herein and further states as follows:

111.    Defendant CTI is subject to, and has violated the provisions of, 15 United States Code, Section 1692e by using false, deceptive or misleading representations or means in connection with the collection of the Debt from Plaintiff and FDCPA Class Members.

112.    Defendant CTI is subject to, and has violated the provisions of, 15 United States Code, Section 1692e(11) by failing to disclose in communications after its initial communication with Plaintiff and FDCPA Class Members that the communication is from a debt collector.

113.    Specifically, Defendant CTI failed to disclose that its voicemail communications (after its initial communication) that the communication was from a debt collector.

114.    Further, Defendant did not identify itself, the Debt, or that it was calling to collect the Debt (i.e., that it was a debt collector) when Defendant CTI left Plaintiff and FDCPA Class

Members voicemail messages.

115.    These disclosure requirements apply to written as well as oral communications from debt collectors.  *See Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (U.S. Dist. 2006); *Michael Belin v. Litton Loan Servicing, LP*, filed July 14, 2006, 8:06-cv-760-T-24-EAJ.

116.    Further, Defendant CTI's repeated conduct and means of collecting Plaintiff's and FDCPA Class Members' Debts, namely its use an auto-dialer to make Debt collection calls without proper consent and leaving Debt collection voicemail messages without identifying itself, as required by 15 U.S.C. Section 1692d(6) and e(11), is false, deceptive and misleading means used in connection with the collection of such Debts.

117.    As such, Defendant CTI has violated 15 U.S.C. Section 1692e and e(11).

118.    As a direct and proximate result of Defendant CTI's actions, Plaintiff and Class Members have sustained damages, as to Defendant CTI, as defined by 15 United States Code, Section 1692k.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE SECTION 1692f

Plaintiff re-alleges paragraphs one (1) through ninety (90) as if fully restated herein and further states as follows:

119.    Defendant CTI is subject to, and has violated the provisions of, 15 United States Code, Section 1692f by using unfair or unconscionable means to collect the Debt from Plaintiff and FDCPA Class Members.

120.    At no time herein did Defendants have Plaintiff's or Class Members' prior express consent to call their cellular telephones using an ATDS, a PTDS, or an APV.

121.    Plaintiff and Class Members never voluntarily provided their cellular telephone numbers to Defendants.

122.    Despite lacking Plaintiff's and Class Members' prior express consent, Defendants placed at least eight (8) calls to Plaintiff's cellular telephone using an ATDS, a PTDS, or an APV and placed at least three (3) calls to Plaintiff's Work Telephone.    Similarly, despite lacking FDCPA Class Members' prior express consent, Defendants placed numerous calls to FDCPA Class Members' cellular telephones using an ATDS, a PTDS, or an APV, and made telephone calls to FDCPA Class Members' Work Telephones.

123.    Defendant CTI also failed to provide any meaningful disclosure of its identify on several of its Debt collection calls, as enumerated above, and failed to advise Plaintiff and FDCPA Class Members on the voicemail messages left, that Defendant CTI was a debt collector.

124.    Defendant CTI's conduct, namely the repeated calling of Plaintiff and Class Members using an ATDS, a PTDS, or an APV, without appropriate consent, left Plaintiff and Class Members with the belief that Defendants would continually attempt to call and that Plaintiff had no other option than to either pay the Debt or continue to endure the harassing auto-dialed telephone calls and the invasion of his privacy.

125.    In sum, Defendant CTI's conduct, as described herein, is an unfair means to collect the Debt from Plaintiff and Class Members in violation of 15 U.S.C. Section 1692f.

126.    As a direct and proximate result of Defendant CTI's actions, Plaintiff and Class Members have sustained damages, as to Defendant CTI, as defined by 15 United States Code, Section 1692k.

**COUNT FIVE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**NEGLIGENT VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through ninety (90) as if fully restated herein and further states as follows:

127.    Defendants are subject to, and has violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, a PTDS, or an APV to call a telephone number assigned to a cellular telephone service without Plaintiff's and TCPA Class Members' prior express consent.

128.    At no time did Defendants have Plaintiff's and TCPA Class Members' prior express consent to call their cellular telephones.

129.    Plaintiff and TCPA Class Members never voluntarily provided their cellular telephone numbers to Defendants.

130.    Further, Plaintiff acquired his cellular telephone after Plaintiff entered into the agreement creating the Debt, which evidences that Defendants obtained Plaintiff's Cellular Telephone number through a non-consensual "skip-trace."

131.    Despite lacking Plaintiff's prior express consent, Defendants placed at least eight (8) calls to Plaintiffs cellular telephone using an ATDS, a PTDS, or an APV.  Similarly, despite lacking TCPA Class Members' prior express consent, Defendants placed numerous calls to TCPA Class Members' cellular telephones using an ATDS, a PTDS, or an APV.

132.    Plaintiff and Class Members are entitled to seek injunctive relief enjoining Defendants from further violations of the TCPA.

133.    Given Defendants' conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiff and TCPA Class Members in violation of the TCPA, Plaintiff and TCPA Class Members have no adequate remedy at law and will suffer irreparable injury unless Defendants are immediately enjoined from continuing to collect the Debt from

Plaintiff and TCPA Class Members.  Plaintiff and TCPA Class Members need and are entitled to injunctive relief.

134.    As a direct and proximate result of the Defendants' conduct, Plaintiff and TCPA Class Members have suffered:

a.    The periodic loss of their cellular telephone services;

b.    Lost material costs associated with the use of peak time cellular telephone minutes allotted under their cellular telephone service contracts;

c.    The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost; and,

d.    Statutory damages.

**COUNT SIX:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**WILLFUL VIOLATION OF 47 U.S.C., SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through ninety (90) as if fully restated herein and further states as follows:

135.    Defendants' conduct, complained of herein, is the result of a repeated willful and knowing violation of the TCPA.

136.    Defendants know—in fact its business model is primarily predicated upon— placing calls to consumers to in an attempt to collect consumer Debts.

137.    Defendants' use of and knowledge of its use of a skip-trace to obtain Plaintiff and TCPA Class Members' cellular telephones is proof positive that Defendants' did not lawfully obtain the requisite level of consent to place such auto-dialed calls.  In fact, there was no consent; the cellular telephone numbers were procured without Plaintiff and TCPA Class Members knowledge.

26

138.     Defendant CTI, as evidenced from the claims on its website, is fully aware of the TCPA and its restrictions and, as such, Defendants' calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

139.     Because Defendant Navient was recently involved in such invasion of privacy litigation and Defendant CTI stays abreast of laws regarding use of an ATDS, Defendants know they cannot procure Plaintiff's and TCPA Class Members' respective cellular telephone numbers via a skip-trace to autodial Plaintiff's and TCPA Class Members' cellular telephones using an ATDS, a PTDS and/or an APV.

140.     As a result of Defendants' knowing and willful violations of the TCPA, Plaintiff and TCPA Class Members are entitled to an award of up to treble statutory damages (i.e., $1,500.00) for each and every violation pursuant to 47 U.S.C., Section 227(b)(3)(B) and 47 U.S.C., Section 227(b)(3)(C).

**COUNT SEVEN:**
**DECLARATORY AND INUNCTIVE RELIEF**

Plaintiff re-alleges paragraphs one (1) through ninety (90) as if fully restated herein and further states as follows:

141.     Unless the Defendant is immediately enjoined from continuing to attempt to collect the Debt from Plaintiff in violation of the FCCPA and the TCPA, Plaintiff and Class Members will suffer irreparable injury.

142.     Plaintiff and Class Members have no adequate remedy at law.

143.     Plaintiff and Class Members have a clear legal right to the protections of the FCCPA pursuant to Florida Statute, Section 559.72(18) as well as the TCPA pursuant to 47 United States Code, Section 227(g)(2).

27

144.     Given Defendants' conduct and its apparent intention and ability to continue to collect the Debt directly from Plaintiff and TCPA and FCCPA Class Members in violation of said laws, Plaintiff and TCPA and FCCPA Class Members have no adequate remedy at law.  Plaintiff and TCPA and FCCPA Class Members need and are entitled to injunctive relief.

145.     The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and TCPA and FCCPA Class Members and will have no adverse effect on the public welfare.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiff respectfully requests against Defendants entry of:

a.     Judgment against Defendants declaring that this lawsuit is properly maintainable as a class action, an order certifying the FCCPA, FDCPA and TCPA Classes as requested herein, and appointing Plaintiff as class representative to act on behalf of each of the Classes and appointing her attorneys as counsel for each of the Classes;

b.     Judgment against Defendants declaring that Defendants violated the TCPA;

c.     Judgment against Defendant CTI for maximum statutory damages for Defendant's violations of the FDCPA;

d.     Judgment against Defendant CTI for maximum statutory damages for Defendant's violations of the FCCPA;

e.     Judgment against Defendants for statutory damages in the amount of $500.00 for each of Defendants' calls to Plaintiff's and TCPA Class Members' cellular telephones that violated the TCPA;

f.     Judgment against Defendants for treble damages in the amount of $1,500.00 for

each of Defendants' calls to Plaintiff's and TCPA Class Members' cellular telephones that knowingly and/or willingly violated the TCPA;

g.      Judgment against Defendants enjoining Defendants from further engaging in the conduct that violates the FCCPA and TCPA;

h.      An award of attorneys' fees and costs; and

i.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully Submitted,

**LEAVENLAW**

 /s/ *J. Andrew Meyer*

**J. Andrew Meyer, Esq., FBN 0056766**
**Ian R. Leavengood, Esq., FBN 10167**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
ameyer@leavenlaw.com

*Attorneys for Plaintiff and Class Members*

29