UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-22016-JAL

PETER HOWARD, individually and on behalf
of all others similarly situated

      Plaintiff,

v.

COLLECTION TECHNOLOGY, INC. and
NAVIENT SOLUTIONS, INC. F/K/A
SALLIE MAE, INC.,

      Defendants.
_____/

**<u>DEFENDANT, COLLECTION TECHNOLOGY, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL TO THE
PLAINTIFF'S CLASS ACTION COMPLAINT</u>**

      Defendant, COLLECTION TECHNOLOGY, INC. ("CTI"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12, hereby files its Answer, Affirmative Defenses, and Demand for Jury Trial to the Plaintiff, PETER HOWARD's, Class Action Complaint [DE #1], and states:

**<u>INTRODUCTION AND PRELIMINARY STATEMENT</u>**

      Defendant, CTI, admits that the Plaintiff seeks relief pursuant to the FCCPA, FDCPA, and TCPA, but denies that the Plaintiff is entitled to any such relief and demands strict proof thereof.

**<u>JURISDICTION AND VENUE</u>**

      1.     Defendant, CTI, admits that this Court has jurisdiction over Plaintiff's claims, but denies TCPA, but denies that the Plaintiff is entitled to any such relief and demands strict proof thereof.

2. Defendant, CTI, denies the allegations contained in paragraph 2 of Plaintiff's Class Action Complaint and demands strict proof thereof.

3. Defendant, CTI, denies the allegations contained in paragraph 3 of Plaintiff's Class Action Complaint and demands strict proof thereof.

4. Defendant, CTI, admits that venue is proper before this court, but denies the remaining allegations contained in paragraph 4 of Plaintiff's Class Action Complaint, and demands strict proof thereof.

5. Defendant, CTI, admits that it is subject to personal jurisdiction in this district, but denies the remaining allegations contained in paragraph 5 of Plaintiff's Class Action Complaint, and demands strict proof thereof.

6. Defendant, CTI, admits that it does business in the State of Florida, but denies the remaining allegations contained in paragraph 6 of Plaintiff's Class Action Complaint, and demands strict proof thereof.

7. Defendant, CTI, admits that it is a California corporation with its principal place of business in California, but denies the remaining allegations contained in paragraph 7 of Plaintiff's Class Action Complaint, and demands strict proof thereof.

8. Defendant, CTI, is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Class Action Complaint and therefore must deny the same and demand strict proof thereof.

9. Defendant, CTI, denies the allegations contained in paragraph 9 of Plaintiff's Class Action Complaint and demands strict proof thereof.

10. Defendant, CTI, is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Class Action Complaint

and therefore must deny the same and demand strict proof thereof.

## REPRESENTATIVE'S GENERAL ALLEGATIONS

11. Defendant, CTI, admits the allegations contained in paragraph 11 of Plaintiff's Class Action Complaint.

12. Defendant, CTI, denies the allegations contained in paragraph 12 of Plaintiff's Class Action Complaint and demands strict proof thereof.

13. Defendant, CTI, denies the allegations contained in paragraph 13 of Plaintiff's Class Action Complaint and demands strict proof thereof.

14. Defendant, CTI, denies the allegations contained in paragraph 14 of Plaintiff's Class Action Complaint and demands strict proof thereof.

15. Defendant, CTI, denies the allegations contained in paragraph 15 of Plaintiff's Class Action Complaint and demands strict proof thereof.

16. Defendant, CTI, denies the allegations contained in paragraph 16 of Plaintiff's Class Action Complaint and demands strict proof thereof.

17. Defendant, CTI, denies the allegations contained in paragraph 17 of Plaintiff's Class Action Complaint, as phrased, and demands strict proof thereof.

18. Defendant, CTI, denies the allegations contained in paragraph 18 of Plaintiff's Class Action Complaint and demands strict proof thereof.

19. Defendant, CTI, denies the allegations contained in paragraph 19 of Plaintiff's Class Action Complaint and demands strict proof thereof.

20. Defendant, CTI, denies the allegations contained in paragraph 20 of Plaintiff's Class Action Complaint and demands strict proof thereof.

## *The TCPA*

21.     Defendant, CTI does not respond to the allegations contained in paragraph 21 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 21 and demands strict proof thereof.

22.     Defendant, CTI does not respond to the allegations contained in paragraph 22 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 22 and demands strict proof thereof.

23.     Defendant, CTI does not respond to the allegations contained in paragraph 23 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 23 and demands strict proof thereof.

24.     Defendant, CTI does not respond to the allegations contained in paragraph 24 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 24 and demands strict proof thereof.

25.     Defendant, CTI does not respond to the allegations contained in paragraph 25 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 25 and demands strict proof thereof.

26.     Defendant, CTI does not respond to the allegations contained in paragraph 26 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a

response is required, CTI denies the allegations contained in paragraph 26 and demands strict proof thereof.

27. Defendant, CTI does not respond to the allegations contained in paragraph 27 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 27 and demands strict proof thereof.

28. Defendant, CTI does not respond to the allegations contained in paragraph 28 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 28 and demands strict proof thereof.

29. Defendant, CTI does not respond to the allegations contained in paragraph 29 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 29 and demands strict proof thereof.

30. Defendant, CTI does not respond to the allegations contained in paragraph 30 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 30 and demands strict proof thereof.

31. Defendant, CTI, denies the allegations contained in paragraph 31 of Plaintiff's Class Action Complaint and demands strict proof thereof.

32. Defendant, CTI, is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Class Action Complaint and therefore must deny the same and demand strict proof thereof.

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

33. Defendant, CTI, is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Class Action Complaint and therefore must deny the same and demand strict proof thereof.

34. Defendant, CTI, denies the allegations contained in paragraph 34 of Plaintiff's Class Action Complaint, as phrased, and demands strict proof thereof.

35. Defendant, CTI, denies the allegations contained in paragraph 35 of Plaintiff's Class Action Complaint, as phrased, and demands strict proof thereof.

36. Defendant, CTI, denies the allegations contained in paragraph 36 of Plaintiff's Class Action Complaint and demands strict proof thereof.

37. Defendant, CTI, denies the allegations contained in paragraph 37 of Plaintiff's Class Action Complaint and demands strict proof thereof.

38. Defendant, CTI, denies the allegations contained in paragraph 38 of Plaintiff's Class Action Complaint and demands strict proof thereof.

39. Defendant, CTI, denies the allegations contained in paragraph 39 of Plaintiff's Class Action Complaint and demands strict proof thereof.

40. Defendant, CTI, denies the allegations contained in paragraph 40 of Plaintiff's Class Action Complaint and demands strict proof thereof.

*Debt Collection Calls*

41. Defendant, CTI, denies the allegations contained in paragraph 41 of Plaintiff's Class Action Complaint and demands strict proof thereof.

42. Defendant, CTI, denies the allegations contained in paragraph 42 of Plaintiff's Class Action Complaint and demands strict proof thereof.

43. Defendant, CTI, denies the allegations contained in paragraph 43 of Plaintiff's

Class Action Complaint and demands strict proof thereof.

44. Defendant, CTI, denies the allegations contained in paragraph 44 of Plaintiff's Class Action Complaint and demands strict proof thereof.

45. Defendant, CTI, denies the allegations contained in paragraph 45 of Plaintiff's Class Action Complaint and demands strict proof thereof.

46. Defendant, CTI, denies the allegations contained in paragraph 46 of Plaintiff's Class Action Complaint and demands strict proof thereof.

47. Defendant, CTI, denies the allegations contained in paragraph 47 of Plaintiff's Class Action Complaint and demands strict proof thereof.

48. Defendant, CTI, denies the allegations contained in paragraph 48 of Plaintiff's Class Action Complaint and demands strict proof thereof.

49. Defendant, CTI, denies the allegations contained in paragraph 49 of Plaintiff's Class Action Complaint and demands strict proof thereof.

50. Defendant, CTI, denies the allegations contained in paragraph 50 of Plaintiff's Class Action Complaint and demands strict proof thereof.

51. Defendant, CTI, denies the allegations contained in paragraph 51 of Plaintiff's Class Action Complaint and demands strict proof thereof.

52. Defendant, CTI, denies the allegations contained in paragraph 52 of Plaintiff's Class Action Complaint and demands strict proof thereof.

53. Defendant, CTI, denies the allegations contained in paragraph 53 of Plaintiff's Class Action Complaint and demands strict proof thereof.

54. Defendant, CTI, denies the allegations contained in paragraph 54 of Plaintiff's Class Action Complaint and demands strict proof thereof.

55. Defendant, CTI, denies the allegations contained in paragraph 55 of Plaintiff's Class Action Complaint and demands strict proof thereof.

56. Defendant, CTI, denies the allegations contained in paragraph 56 of Plaintiff's Class Action Complaint and demands strict proof thereof.

57. Defendant, CTI, denies the allegations contained in paragraph 57 of Plaintiff's Class Action Complaint and demands strict proof thereof.

58. Defendant, CTI, denies the allegations contained in paragraph 58 of Plaintiff's Class Action Complaint and demands strict proof thereof.

59. Defendant, CTI, denies the allegations contained in paragraph 59 of Plaintiff's Class Action Complaint and demands strict proof thereof.

60. Defendant, CTI, denies the allegations contained in paragraph 60 of Plaintiff's Class Action Complaint and demands strict proof thereof.

61. Defendant, CTI, denies the allegations contained in paragraph 61 of Plaintiff's Class Action Complaint and demands strict proof thereof.

62. Defendant, CTI, denies the allegations contained in paragraph 62 of Plaintiff's Class Action Complaint and demands strict proof thereof.

63. Defendant, CTI, denies the allegations contained in paragraph 63 of Plaintiff's Class Action Complaint and demands strict proof thereof.

64. Defendant, CTI, denies the allegations contained in paragraph 64 of Plaintiff's Class Action Complaint and demands strict proof thereof.

65. Defendant, CTI, denies the allegations contained in paragraph 65 of Plaintiff's Class Action Complaint and demands strict proof thereof.

66. Defendant, CTI does not respond to the allegations contained in paragraph 66 of

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 66 and demands strict proof thereof.

67. Defendant, CTI does not respond to the allegations contained in paragraph 67 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 67 and demands strict proof thereof.

68. Defendant, CTI does not respond to the allegations contained in paragraph 68 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 68 and demands strict proof thereof.

69. Defendant, CTI does not respond to the allegations contained in paragraph 69 of Plaintiff's Class Action Complaint as they consist solely of legal conclusions. To the extent a response is required, CTI denies the allegations contained in paragraph 69 and demands strict proof thereof.

70. Defendant, CTI, denies the allegations contained in paragraph 70 of Plaintiff's Class Action Complaint and demands strict proof thereof.

71. Defendant, CTI, denies the allegations contained in paragraph 71 of Plaintiff's Class Action Complaint and demands strict proof thereof.

72. Defendant, CTI, denies the allegations contained in paragraph 72 of Plaintiff's Class Action Complaint and demands strict proof thereof.

73. Defendant, CTI, is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 73 of Plaintiff's Class Action Complaint

and therefore must deny the same and demand strict proof thereof.

74. Defendant, CTI, admits that it is a debt collector, but denies the remaining allegations contained in paragraph 74 of Plaintiff's Class Action Complaint, and demands strict proof thereof.

75. Defendant, CTI, is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 75 of Plaintiff's Class Action Complaint and therefore must deny the same and demand strict proof thereof.

76. Defendant, CTI, denies the allegations contained in paragraph 76 of Plaintiff's Class Action Complaint and demands strict proof thereof.

*TCPA Class*

77. In response to Paragraph 77 of the Class Action Complaint, Defendant, CTI, admits that Plaintiff is attempting to file this claim on behalf of a class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 77 of Plaintiff's Class Action Complaint and demands strict proof thereof.

*FCCPA Class*

78. In response to Paragraph 78 of the Class Action Complaint, Defendant, CTI, admits that Plaintiff is attempting to file this claim on behalf of a class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 78 of Plaintiff's Class Action Complaint and demands strict proof thereof.

*FDCPA Class*

79. In response to Paragraph 79 of the Class Action Complaint, Defendant, CTI,

admits that Plaintiff is attempting to file this claim on behalf of a class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 79 of Plaintiff's Class Action Complaint and demands strict proof thereof.

80. In response to Paragraph 80 of the Class Action Complaint, Defendant, CTI, admits that Plaintiff is attempting to file this claim on behalf of a class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 80 of Plaintiff's Class Action Complaint and demands strict proof thereof.

81. In response to Paragraph 81, including all subparts, of the Class Action Complaint, Defendant, CTI, admits that Plaintiff is attempting to file this claim on behalf of a class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 81, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

82. Defendant, CTI, denies the allegations contained in paragraph 82 of Plaintiff's Class Action Complaint and demands strict proof thereof.

83. Defendant, CTI, denies the allegations contained in paragraph 83, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

84. Defendant, CTI, denies the allegations contained in paragraph 84 of Plaintiff's Class Action Complaint and demands strict proof thereof.

85. In response to Paragraph 85 of the Class Action Complaint, Defendant, CTI, admits that Plaintiff is attempting to file this claim on behalf of a class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations

contained in Paragraph 85 of Plaintiff's Class Action Complaint and demands strict proof thereof.

86. In response to Paragraph 86 of the Class Action Complaint, Defendant, CTI, admits that Plaintiff is attempting to file this claim on behalf of a class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 86 of Plaintiff's Class Action Complaint and demands strict proof thereof.

87. In response to Paragraph 87 of the Class Action Complaint, Defendant, CTI, admits that Plaintiff is attempting to file this claim on behalf of a class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 87 of Plaintiff's Class Action Complaint and demands strict proof thereof.

88. In response to Paragraph 88 of the Class Action Complaint, Defendant, CTI, admits that Plaintiff is attempting to file this claim on behalf of a class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 88 of Plaintiff's Class Action Complaint and demands strict proof thereof.

89. In response to Paragraph 89 of the Class Action Complaint, Defendant, CTI, admits that Plaintiff is attempting to file this claim on behalf of a class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 89 of Plaintiff's Class Action Complaint and demands strict proof thereof.

90. In response to Paragraph 90, including all subparts, of the Class Action

Complaint, Defendant, CTI, admits that Plaintiff is attempting to file this claim on behalf of a class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 90, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

CTI incorporates its responses to paragraphs 1 through 90, above, as if fully restated herein.

91. Defendant, CTI, denies the allegations contained in paragraph 91 of Plaintiff's Class Action Complaint and demands strict proof thereof.

92. Defendant, CTI, denies the allegations contained in paragraph 92 of Plaintiff's Class Action Complaint and demands strict proof thereof.

93. Defendant, CTI, denies the allegations contained in paragraph 93 of Plaintiff's Class Action Complaint and demands strict proof thereof.

94. Defendant, CTI, denies the allegations contained in paragraph 94 of Plaintiff's Class Action Complaint and demands strict proof thereof.

95. Defendant, CTI, denies the allegations contained in paragraph 95 of Plaintiff's Class Action Complaint and demands strict proof thereof.

96. Defendant, CTI, denies the allegations contained in paragraph 96 of Plaintiff's Class Action Complaint and demands strict proof thereof.

97. Defendant, CTI, denies the allegations contained in paragraph 97 of Plaintiff's Class Action Complaint and demands strict proof thereof.

98. Defendant, CTI, denies the allegations contained in paragraph 98 of Plaintiff's

Class Action Complaint and demands strict proof thereof.

99.     Defendant, CTI, denies the allegations contained in paragraph 99 of Plaintiff's Class Action Complaint and demands strict proof thereof.

100.    Defendant, CTI, denies the allegations contained in paragraph 100 of Plaintiff's Class Action Complaint and demands strict proof thereof.

## COUNT TWO:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1692d and d(6)

CTI incorporates its responses to paragraphs 1 through 90, above, as if fully restated herein.

101.    Defendant, CTI, denies the allegations contained in paragraph 101 of Plaintiff's Class Action Complaint and demands strict proof thereof.

102.    Defendant, CTI, denies the allegations contained in paragraph 102 of Plaintiff's Class Action Complaint and demands strict proof thereof.

103.    Defendant, CTI, denies the allegations contained in paragraph 103 of Plaintiff's Class Action Complaint and demands strict proof thereof.

104.    Defendant, CTI, denies the allegations contained in paragraph 104 of Plaintiff's Class Action Complaint and demands strict proof thereof.

105.    Defendant, CTI, denies the allegations contained in paragraph 105 of Plaintiff's Class Action Complaint and demands strict proof thereof.

106.    Defendant, CTI, denies the allegations contained in paragraph 106 of Plaintiff's Class Action Complaint and demands strict proof thereof.

107.    Defendant, CTI, denies the allegations contained in paragraph 107 of Plaintiff's Class Action Complaint and demands strict proof thereof.

108.  Defendant, CTI, denies the allegations contained in paragraph 108 of Plaintiff's Class Action Complaint and demands strict proof thereof.

109.  Defendant, CTI, denies the allegations contained in paragraph 109 of Plaintiff's Class Action Complaint and demands strict proof thereof.

110.  Defendant, CTI, denies the allegations contained in paragraph 110 of Plaintiff's Class Action Complaint and demands strict proof thereof.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1692e and e(11)

CTI incorporates its responses to paragraphs 1 through 90, above, as if fully restated herein.

111.  Defendant, CTI, denies the allegations contained in paragraph 111 of Plaintiff's Class Action Complaint and demands strict proof thereof.

112.  Defendant, CTI, denies the allegations contained in paragraph 112 of Plaintiff's Class Action Complaint and demands strict proof thereof.

113.  Defendant, CTI, denies the allegations contained in paragraph 113 of Plaintiff's Class Action Complaint and demands strict proof thereof.

114.  Defendant, CTI, denies the allegations contained in paragraph 114 of Plaintiff's Class Action Complaint and demands strict proof thereof.

115.  Defendant, CTI, denies the allegations contained in paragraph 115 of Plaintiff's Class Action Complaint and demands strict proof thereof.

116.  Defendant, CTI, denies the allegations contained in paragraph 116 of Plaintiff's Class Action Complaint and demands strict proof thereof.

117.  Defendant, CTI, denies the allegations contained in paragraph 117 of Plaintiff's

Class Action Complaint and demands strict proof thereof.

118.    Defendant, CTI, denies the allegations contained in paragraph 118 of Plaintiff's Class Action Complaint and demands strict proof thereof.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1692f

CTI incorporates its responses to paragraphs 1 through 90, above, as if fully restated herein.

119.    Defendant, CTI, denies the allegations contained in paragraph 119 of Plaintiff's Class Action Complaint and demands strict proof thereof.

120.    Defendant, CTI, denies the allegations contained in paragraph 120 of Plaintiff's Class Action Complaint and demands strict proof thereof.

121.    Defendant, CTI, denies the allegations contained in paragraph 121 of Plaintiff's Class Action Complaint and demands strict proof thereof.

122.    Defendant, CTI, denies the allegations contained in paragraph 122 of Plaintiff's Class Action Complaint and demands strict proof thereof.

123.    Defendant, CTI, denies the allegations contained in paragraph 123 of Plaintiff's Class Action Complaint and demands strict proof thereof.

124.    Defendant, CTI, denies the allegations contained in paragraph 124 of Plaintiff's Class Action Complaint and demands strict proof thereof.

125.    Defendant, CTI, denies the allegations contained in paragraph 125 of Plaintiff's Class Action Complaint and demands strict proof thereof.

126.    Defendant, CTI, denies the allegations contained in paragraph 126 of Plaintiff's Class Action Complaint and demands strict proof thereof.

## COUNT FIVE:
## TELEPHONE CONSUMER PROTECTION ACT –
## NEGLIGENT VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

CTI incorporates its responses to paragraphs 1 through 90, above, as if fully restated herein.

127. Defendant, CTI, denies the allegations contained in paragraph 127 of Plaintiff's Class Action Complaint and demands strict proof thereof.

128. Defendant, CTI, denies the allegations contained in paragraph 128 of Plaintiff's Class Action Complaint and demands strict proof thereof.

129. Defendant, CTI, denies the allegations contained in paragraph 129 of Plaintiff's Class Action Complaint and demands strict proof thereof.

130. Defendant, CTI, denies the allegations contained in paragraph 130 of Plaintiff's Class Action Complaint and demands strict proof thereof.

131. Defendant, CTI, denies the allegations contained in paragraph 131 of Plaintiff's Class Action Complaint and demands strict proof thereof.

132. Defendant, CTI, denies the allegations contained in paragraph 132 of Plaintiff's Class Action Complaint and demands strict proof thereof.

133. Defendant, CTI, denies the allegations contained in paragraph 133 of Plaintiff's Class Action Complaint and demands strict proof thereof.

134. Defendant, CTI, denies the allegations contained in paragraph 134, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

## COUNT SIX:
## TELEPHONE CONSUMER PROTECTION ACT –
## WILLFUL VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

CTI incorporates its responses to paragraphs 1 through 90, above, as if fully restated

herein.

135.     Defendant, CTI, denies the allegations contained in paragraph 135, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

136.     Defendant, CTI, denies the allegations contained in paragraph 136, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

137.     Defendant, CTI, denies the allegations contained in paragraph 137, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

138.     Defendant, CTI, denies the allegations contained in paragraph 138, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

139.     Defendant, CTI, denies the allegations contained in paragraph 139, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

140.     Defendant, CTI, denies the allegations contained in paragraph 140, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

## COUNT SEVEN:
## DECLARATORY AND INNJUNCTIVE RELIEF

CTI incorporates its responses to paragraphs 1 through 90, above, as if fully restated herein.

141.     Defendant, CTI, denies the allegations contained in paragraph 141, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

142.     Defendant, CTI, denies the allegations contained in paragraph 142, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

143.     Defendant, CTI, denies the allegations contained in paragraph 143, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

144.     Defendant, CTI, denies the allegations contained in paragraph 144, including all

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

145.   Defendant, CTI, denies the allegations contained in paragraph 145, including all subparts, of Plaintiff's Class Action Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.   For a defense herein, CTI contends that the Plaintiff's Class Action Complaint fails to state claims for which relief can be granted.

2.   For a defense herein, CTI contends that Plaintiff's causes of action are time barred pursuant to the applicable statute of limitations.

3.   For a defense herein, CTI contends that it has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone calls in violation of the regulations prescribed under the TCPA.

4.   For a defense herein, CTI contends that it has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the FDCPA.

5.   For a defense herein, CTI contends that it has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the FCCPA.

6.   For a defense herein, CTI contends that it had the Plaintiff's prior express consent, invitation, and/or permission.

7.   For a defense herein, CTI contends that, at all times material hereto, CTI has acted in compliance with the requirements of the TCPA.

8.   For a defense herein, CTI contends that, at all times material hereto, CTI has acted in compliance with the requirements of the FDCPA.

9.   For a defense herein, CTI contends that, at all times material hereto, CTI has acted in compliance with the requirements of the FCCPA.

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

10. For a defense herein, CTI contends that it acted in good faith reliance on the information provided by the creditor of the account.

11. For a defense herein, CTI, contends that any violations were not intentional and resulted from a bona fide error.

12. For a defense herein, CTI contends that Defendant's claims are barred in whole or in part by the doctrines of estoppel, waiver, unclean hands, and/or laches.

13. CTI reserves its right to add affirmative defenses as discovery and investigation continues.

## DEMAND FOR JURY TRIAL

Defendant, CTI, demands a trial by jury as to all issues so triable as of right.

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
Dadeland Centre II
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Telephone: (305) 350-5300
Facsimile: (305) 373-2294
By: /s/ Brian A. Dominguez
SCOTT COLE
FBN: 885630
BRIAN A. DOMINGUEZ
FBN: 91019